UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zev Ostreicher, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>-v.-<br><br><br>United Collection Bureau, Inc.<br>John Does 1-25<br><br>Defendants. | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Zev Ostreicher (hereinafter, "Plaintiff" or "Ostreicher"), a New York resident, brings this

Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant

United Collection Bureau, Inc. (hereinafter "Defendant" or "UCB"), individually and on behalf of

a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure,

based upon information and belief of Plaintiff's counsel, except for allegations specifically

pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15

U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices

contribute to the number of personal bankruptcies, to material instability, to the loss of jobs,

and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

inadequate to protect consumers," and that "'the effective collection of debts" does not require

"misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws 'were inadequate' Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff is a resident of the State of New York, County of Rockland, residing at 77 Union Road, Spring Valley, NY 10977.

8.     United Collection Bureau, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5620 Southwyck Boulevard, Suite 206, Toledo, OH 43614.

9.      Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant is a "debt collector", as defined under the FDCPA under 15 U.S.C. § 1692a(6).

11.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

<u>**CLASS ALLEGATIONS**</u>

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom United Collection Bureau, Inc. sent a collection letter attempting to collect a consumer debt;

    c.  regarding collection of a Chase Bank U.S.A., N.A. Debt;

    d.  that it implies that a consumer may enhance its likelihood of approval for future credit products by paying the claimed debt in full, rather than the reduced settlement amount;

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A**, violates 15 U.S.C. §§ l692e.

17.     The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    <u>**Numerosity:**</u> The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    b.    <u>**Common Questions Predominate:**</u> Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal

issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A**, violates 15 U.S.C. §§ l692e.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to December 13, 2017, an obligation was allegedly incurred to Chase Bank U.S.A., N.A. ("Chase").

23.     The Chase obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

24.     The alleged Chase Bank U.S.A., N.A. obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25.     Chase is a "creditor" as defined by 15 U.S.C. §1692a(4).

26.     Chase or a subsequent owner of the Chase debt contracted the Defendant to collect the alleged debt.

27.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and internet.

*Violation I – December 13, 2017 Collection Letter*

28.    On or about December 13, 2017, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Chase Bank U.S.A., N.A., with an outstanding balance due in the amount of $11,545.01. **See Exhibit A.**

29.    Defendant's December 13, 2017 Collection Letter contained language that implies that the consumer may enhance its likelihood of future approval for credit products by paying the alleged debt in full, rather than accept a reduced settlement amount.

30.    Specifically, Paragraphs One through Three of Defendant's letter contain offers to settle the $11,545.01 balance for a reduced amount of $4,040.75 (Single Payment Offer), $4,618.00 (Two Month Payment Offer), or $5,195.25 (Six Month Payment Offer). **See Exhibit A.**

31.    However, in its final paragraph, the letter concludes with the following postscript: "If we settle this debt with you for less that the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application."

32.    This language implies that if the Plaintiff settles the stated balance for a reduced amount, as opposed to paying the stated balance in full, Plaintiff may reduce his likelihood of receiving future credit products from Chase Bank or reduce his overall creditworthiness.

33.    This language is false and deceptive, since approval in the future has to do with a persons credit, and by implying that paying in full will help your chance of being approved is false statement.

34.    This language is deceptive and overshadowing as it does not truly afford the consumer of its proper rights and ability to dispute the debt, as it falsely implies that payment

in-full (rather than settlement) of the claimed debt would have enhanced his likelihood of receiving future credit products or enhanced his overall creditworthiness.

35.    This statement is deceptive and contradictory, thus preventing the Plaintiff from making payment as she cannot be sure if it is better or worse for him to settle the debt.

36.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## <u>COUNT I</u>
## VIOLATIONS OF THE FDCPA 15 U.S.C. §1692e *et seq.*

37.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40.    Defendant violated said section by:

    a.   Making a false and misleading representation in violation of §1692e(10).

    b.   Specifically, by falsely implying that payment in-full (rather than settlement) of the claimed debt would have enhanced his likelihood of receiving future credit products or enhanced his overall creditworthiness.

41.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Zev Ostreicher, individually and on behalf of all others similarly situated demands judgment from Defendant United Collection Bureau, Inc., as follows:

1.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Daniel Kohn, Esq. as Class Counsel;

2.    Awarding Plaintiff and the Class statutory damages;

3.    Awarding Plaintiff and the Class actual damages;

4.    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.    Awarding pre-judgment interest and post-judgment interest; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Hackensack, New Jersey
          November 5, 2018


                                                            */s/ Daniel Kohn*
                                                            By:  Daniel Kohn

                                                            **Stein Saks, PLLC**
                                                            285 Passaic Street
                                                            Hackensack, NJ 07601
                                                            Phone: (201) 282-6500
                                                            Email: dkohn@steinsakslegal.com
                                                            *Attorneys For Plaintiff*